UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INFORMATION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 3:25-cr-_64_ |
| v. | ) | _DRL SJF_ |
| | ) | 18 U.S.C. §§ 1030(a)(2)(C) and |
| PAUL R. McDOWELL, JR., | ) | (c)(2)(B)(i) |
| | ) | 18 U.S.C. § 1028A(a)(1) |
| Defendant. | ) | 18 U.S.C. § 2252A(a)(5)(B) |

**THE ACTING UNITED STATES ATTORNEY CHARGES:**

<u>**COUNT 1**</u>
<u>**(Unauthorized Access of a Computer, 18 U.S.C. §§ 1030(a)(2)(C) and**</u>
<u>**(c)(2)(B)(i))**</u>

1. At all times material to this Information, the Defendant,

**PAUL R. McDOWELL, JR.,**

resided in South Bend, Indiana, which is in the Northern District of Indiana.

2. Snapchat was an American multimedia instant messaging application and service based in Santa Monica, California, offering its users the ability to store images and videos within their Snapchat accounts.

3. On or about October 10, 2020, through on or about October 13, 2020, in the Northern District of Indiana and elsewhere, the Defendant,

**PAUL R. MCDOWELL, JR.,**

intentionally accessed a computer without authorization—that is, servers belonging to Snapchat—and thereby obtained information from a protected

computer for purposes of commercial advantage and private financial gain—specifically, images and videos belonging to Snapchat user A.C.

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i).

**THE ACTING UNITED STATES ATTORNEY FURTHER CHARGES:**

## COUNT 2
**(Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1))**

4. The allegations in Paragraphs 1 through 3 of this Information are re-alleged and incorporated here.

5. On or about October 10, 2020, through on or about October 13, 2020, in the Northern District of Indiana and elsewhere, the Defendant,

### PAUL R. McDOWELL, JR.,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, including A.C., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(i) as charged in Count 1, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

3

**THE ACTING UNITED STATES ATTORNEY FURTHER CHARGES:**

### COUNT 3
**(Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B))**

6. On or about November 15, 2023, in the Northern District of Indiana, the Defendant,

**PAUL R. McDOWELL, JR.,**

defendant herein, knowingly possessed material that contained an image of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that has been transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATIONS

7. The allegations contained in Counts 1 and 3 of the Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), and pursuant to Title 18, United States Code, Section 2253.

8. Upon conviction of the offense of unauthorized access of a computer in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i), set forth in Count 1 of this Information, the Defendant, **PAUL R. McDOWELL, JR.**, shall forfeit to the United States of America:

    a. pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and

    b. pursuant to Title 18, United States Code, Section 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such offense.

9. Upon conviction of the offense of possession of child pornography in violation of Title 18, United States Code, Section 2252A, set forth in Count 3 of this Information, the Defendant, **PAUL R. McDOWELL, JR**, shall forfeit to the United States of America:

a. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

b. any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

10. The property to be forfeited includes, but is not limited to, all electronic devices and online accounts used or intended to be used to commit the offenses charged in Counts 1 and 3, including:

1 HP Laptop, SN 5CD4327FP6 with hard drive SN BN1ZGJSE;

1 HP Laptop, SN BCAJWZ4485;

1 Red Apple iPhone in clear case (SN GJ33NHXK4G, IMEIs 351224670397729 and 351224670262675); and

1 Omen Laptop, SN SCD0409Z9H.

11. If any property described above, as a result of any act or omission of the Defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b), 1030(i), and 2253(b), and by Title 28, United States Code, Section 2461(c).

Dated: August 29, 2025.

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY


By:    *s/Hannah T Jones*
Hannah T Jones
Assistant United States Attorney